UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Randy M.,[1]<br><br>    Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY, et al.,<br><br>    Defendants. | Case No. 24-cv-03396-PHK<br><br>**ORDER RE: MANDATORY SCREENING OF COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**<br><br>Re: Dkt. No. 1 |

Plaintiff Randy M. ("Plaintiff") brings this action under the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision by the Acting Commissioner of the Social Security Administration, Defendant Martin O'Malley ("Commissioner"), denying Plaintiff's application for supplemental social security income based on disability. [Dkt 1]. The Court previously granted Plaintiff's application to proceed *in forma pauperis* ("IFP"), in accordance with 28 U.S.C. § 1915(a). [Dkt. 2]. The Court now undertakes a determination of whether Plaintiff's Complaint must be dismissed pursuant to the requirements of § 1915(e)(2)(B).

Any complaint filed pursuant to the IFP provisions of § 1915(a) is subject to mandatory review by the Court and *sua sponte* dismissal if the Court determines the complaint is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Complaints in social security cases are not exempt from this screening requirement. *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to

---

[1] Due to potential privacy concerns in social security cases, out of an excess of caution the Court refers to the plaintiff only by their first name and last initial.

1    prisoners."); *see also Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *1 (E.D.
2    Cal. June 28, 2012)) ("Screening is required even if the plaintiff pursues an appeal of right, such as
3    an appeal of the Commissioner's denial of social security disability benefits.").

4         As an initial matter, the Court finds that the instant Complaint does not "seek[] monetary
5    relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii). First,
6    the Complaint does not seek monetary relief in the form of damages from the Commissioner, but
7    rather seeks a Judgment and Order reversing the Commissioner's decision on the benefits at issue.
8    [Dkt. 1]. Second, the Commissioner is not immune from the relief requested. To the contrary, the
9    Social Security Act expressly authorizes federal judicial review of "any final decision of the
10   Commissioner of Social Security made after a hearing on which [the plaintiff] was a party." 42
11   U.S.C. § 405(g).

12        As in most Social Security cases, the substantive bulk of the § 1915(e)(2)(B) screening
13   determination focuses on whether the Complaint "fails to state a claim on which relief may be
14   granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Determining whether a complaint satisfies this screening
15   requirement is "a context-specific task that requires the reviewing court to draw on its judicial
16   experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citation omitted). The
17   context here is guided by the fact that this is a Social Security disability appeal brought by an
18   indigent plaintiff. "Although a complaint in a social security disability appeal may differ in some
19   ways from complaints in other civil cases, it is 'not exempt from the general rules of civil pleading.'"
20   *Lynnmarie E. v. Saul*, No. 21-cv-00244-JLB, 2021 WL 2184828, at *2 (S.D. Cal. May 28, 2021)
21   (quoting *Hoagland*, 2012 WL 2521753, at *2).

22        In reviewing a complaint for these purposes, "[t]he standard for determining whether a
23   plaintiff has failed to state a claim upon which relief may be granted under § 1915(e)(2)(B)(ii) is the
24   same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison*
25   *v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1127 ( 9th
26   Cir. 2000)). A Rule 12(b)(6) motion to dismiss tests whether a claim satisfies the minimum pleading
27   standard for that claim. *See Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011)
28   (quoting *Navarro v. Block*, 250 F.3d 729, 732 ( 9th Cir. 2001)) ("A motion to dismiss under Federal

United States District Court
Northern District of California

Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'").

The requisite minimum pleading standard varies depending on the type of claim(s) at issue. *Iqbal*, 556 U.S. at 679. The standard governing most civil actions is set forth in Federal Rule of Civil Procedure 8(a), which provides that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions."). For claims to which the Rule 8(a) pleading standard applies, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).

Certain types of claims have pleading requirements that diverge from the Rule 8(a) plausibility standard. *See, e.g.*, Fed. R. Civ. P. 9(b) (pleading fraud); *see also* Fed. R. Civ. P. Supp. Adm. & Mar. Cl. R. C(2) and G(2)(f) (pleading *in rem* forfeiture in private and governmental civil actions). Until recently, Social Security actions brought under 42 U.S.C. § 405(g) were governed exclusively by the Federal Rules of Civil Procedure, including with regard to evaluating the sufficiency of pleadings. *See* Fed. R. Civ. P. Supp. Soc. Sec. R. advisory committee's note. And until recently, in evaluating the sufficiency of such claims for purposes of § 1915(e)(2)(B) screening, courts historically applied the familiar Rule 8(a) pleading standard. *See Michael Edward M. v. Kijakazi*, No. 3:23-cv-01138-RBM-AHG, 2023 WL 5955302, at *2 (S.D. Cal. Aug. 30, 2023) (collecting cases); *Hoagland*, 2012 WL 2521753, at *2 (to satisfy § 1915(e)(2)(B)(ii) screening, "[a] complaint appealing the Commissioner's denial of disability benefits must set forth a brief statement of facts setting forth the reasons why the Commissioner's decision was wrong.")

However, effective December 1, 2022, the Federal Rules of Civil Procedure were amended to include the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) ("Supplemental Rules"). The Supplemental Rules govern Social Security actions and "establish a simplified procedure that recognizes the essentially appellate character of actions that seek only review of an individual's claims on a single administrative record." Fed. R. Civ. P. Supp. Soc. Sec.

R. advisory committee's note; *see* Fed. R. Civ. P. Supp. Soc. Sec. R. 1(a) ("These rules govern an action under 42 U.S.C. § 405(g) for review on the record of a final decision of the Commissioner of Social Security that presents only an individual claim."). In a Social Security action such as the instant case, to the extent that the Federal Rules of Civil Procedure are inconsistent with the Supplemental Rules, the Supplemental Rules control. Fed. R. Civ. P. Supp. Soc. Sec. R. 1(b) ("The Federal Rules of Civil Procedure also apply to a proceeding under these rules, except to the extent that they are inconsistent with these rules.").

Supplemental Rule 2(b) sets forth the currently applicable minimum pleading requirements for Social Security complaints under these Supplemental Rules. *See* Fed. R. Civ. P. Supp. Soc. Sec. R. advisory committee's note ("Supplemental Rules 2, 3, 4, and 5 are the core of the provisions that are inconsistent with, and supersede, the corresponding rules on pleading, service, and presenting the action for decision."). Under Supplemental Rule 2(b)(1), "[t]he complaint must: (A) state that the action is brought under § 405(g); (B) identify the final decision to be reviewed, including any identifying designation provided by the Commissioner with the final decision; (C) state the name and the county of residence of the person for whom benefits are claimed; (D) name the person on whose wage record benefits are claimed; and (E) state the type of benefits claimed." Fed. R. Civ. P. Supp. Soc. Sec. R. 2(b)(1). Additionally, Supplemental Rule 2(b)(2) provides that the complaint "may include a short and plain statement of the grounds for relief." Fed. R. Civ. P. Supp. Soc. Sec. R. 2(b)(2).

The permissive language of Supplemental Rule 2(b)(2) makes clear that a Social Security complaint could, but need not always, contain "a short and plain statement of the grounds for relief" in order to state a claim for relief. Inherently, then, the pleading standard governing social security actions under Supplemental Rule 2 is less demanding than the pleading standard set forth in Fed. R. Civ. P. 8(a). *Compare* Fed. R. Civ. P. Supp. Soc. Sec. R. 2(b)(2) ("The complaint *may* include a short and plain statement of the grounds for relief."), *with* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief *must* contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.") (emphasis added). A Social Security action seeks only review of decision based on an administrative record, with no discovery or other trappings of a non-Social

4

Security civil action. As such, a Social Security complaint serves a function similar to a notice of appeal: to ensure that the Social Security Administration can adequately "identify the administrative proceedings and record in a way that enables prompt response[.]" Fed. R. Civ. P. Supp. Soc. Sec. R. advisory committee's note; *see Becker v. Montgomery*, 532 U.S. 757, 767 (2001) ("[I]mperfections in noticing an appeal should not be fatal where no genuine doubt exists about who is appealing, from what judgment, to which appellate court.").

The instant action was filed after December 1, 2022. Accordingly, for purposes of § 1915(e)(2)(B)(ii), the Court applies Supplemental Rule 2(b)(1) to determine whether Plaintiff's Complaint sufficiently states a claim for relief (and not Rule 8(a) of the Federal Rules of Civil Procedure).

As discussed above, Supplemental Rule 2(b)(1) first requires that a social security complaint "state that the action is brought under § 405(g)." Fed. R. Civ. P. Supp. Soc. Sec. R. 2(b)(1)(A). In the instant Complaint, Plaintiff states: "Plaintiff Randy M[.] has exhausted Plaintiff's administrative remedies pursuant to 42 U.S.C. § 405(g), because an Administrative Law Judge ('ALJ') issued an unfavorable decision denying Plaintiff's claims for Title II and/or Title XVI disability benefits on date of December 20, 2023." [Dkt. 1 at ¶ 1]. Accordingly, the Court finds that Plaintiff's Complaint satisfies the first pleading requirement of Supplemental Rule 2(b)(1).

Supplemental Rule 2(b)(1) next requires that a social security complaint "identify the final decision to be reviewed, including any identifying designation provided by the Commissioner with the final decision." Fed. R. Civ. P. Supp. Soc. Sec. R. 2(b)(1)(B). Here, the Complaint states that the "[ALJ] issued an unfavorable decision denying Plaintiff's claims for Title II and/or Title XVI disability benefits on date of December 20, 2023[,]" and that "the ALJ's decision became the final decision on the Commissioner" on June 5, 2024. [Dkt. 1 at ¶¶ 1, 3]. The Complaint includes Plaintiff's full name. *Id*. at ¶ 1. The Court is mindful that a *pro se* plaintiff's pleadings are liberally construed and afforded the "benefit of any doubt." *Watison*, 668 F.3d at 1112. While *Watison* pre-dates the adoption of the Supplemental Rules and thus applied Rule 12(b)(6)'s pleading standard, nothing in the adoption of or the text of the Supplemental Rules indicates an intention to overrule this general rule of construing *pro se* litigants' pleadings. The Advisory Committee Note to the

Supplemental Rules indicates that the Beneficiary Notice Control Number is, in current practice, an identifying designation for Social Security proceedings, nothing in the Supplemental Rule limits the term "identifying designation" to that specific control number. The Advisory Committee Note explains that the purpose of Supplemental Rule 2(b)(1) is to "ensure that the plaintiff is able to identify the administrative proceeding and record in a way that enables prompt response by providing an identifying designation with the final decision." Here, the Complaint identifies the date of the final decision and Plaintiff's full name. The Court is cognizant that, in modern practice, administrative records and files are stored electronically and are searchable using parameters such as by party name and date, and that databases searched using standard methods are typically used to locate files and proceedings. Accordingly, construed according to the proper legal standards, the Court finds this information in the Complaint sufficient to satisfy the second requirement of Supplemental Rule 2(b)(1).

Supplemental Rule 2(b)(1) further requires that a social security complaint "state the name and the county of residence of the person for whom benefits are claimed," and "name the person on whose wage record benefits are claimed." Fed. R. Civ. P. Supp. Soc. Sec. R. 2(b)(1)(C)-(D). As already noted, the Complaint here includes Plaintiff's full name. The Complaint states that "Plaintiff is a resident of Alameda County, California." [Dkt. 1 at ¶ 3]. The Complaint states that Plaintiff seeks review of a decision "denying Plaintiff's claims for Title II and/or Title XVI disability benefits." *Id*. at ¶ 1. Again, the Court is mindful that *pro se* complaints are to be liberally construed. *Watison*, 668 F.3d at 1112. Because the Complaint refers specifically to "Plaintiff's claims for … benefits," the Court finds that such pleading is (properly construed) sufficient to name the person on whose wage record benefits are claimed. Accordingly, the Court finds that Plaintiff's Complaint satisfies the third and fourth requirements of Supplemental Rule 2(b)(1).

Finally, Supplemental Rule 2(b)(1) requires that a social security complaint "state the types of benefits claimed." Fed. R. Civ. P. Supp. Soc. Sec. R. 2(b)(1)(e). Here, Plaintiff's Complaint states that Plaintiff is seeking "Title II and/or Title XVI disability benefits" [Dkt. 1 at ¶ 1]. Accordingly, the Court finds that Plaintiff's Complaint satisfies the final pleading requirement of Supplemental Rule 2(b)(1).

For the foregoing reasons, the Court finds that Plaintiff's Complaint satisfies the minimum pleading requirements to state a claim for relief under the standards set forth in Supplemental Rule 2, applicable to this case. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

For similar reasons, the Court finds that Plaintiff's Complaint is neither frivolous nor malicious. *See* 28 U.S.C. § 1915(e)(2)(B)(i). The Supplemental Rules indicate that they "establish a simplified procedure" and that "[s]implified pleading is often desirable." Supplemental Rules advisory committee note. Proper application of Supplemental Rule 2(b)(1) would thus be expected, in most if not all cases, to be the same for purposes of screening a Social Security complaint under § 1915(e)(2)(B)(i) (for frivolousness or maliciousness) as for whether the complaint properly states a claim for relief under § 1915(e)(2)(B)(ii). Indeed, in most if not all cases, it would defeat the purposes of the Supplemental Rules to require additional or different pleading (and pleading requirements) for purposes of screening for frivolousness and maliciousness. In the instant case, the Court finds that screening the Complaint under Supplemental Rule 2(b)(1) satisfies the requirements of § 1915(e)(2)(B)(i) as well as § 1915(e)(2)(B)(ii).

Accordingly, and in light of the above analysis, the Court concludes for purposes of mandatory IFP screening that Plaintiff's Complaint is not "frivolous or malicious," does not "fail[] to state a claim on which relief may be granted," and does not "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court's determination is without prejudice to further determinations on the merits as this matter proceeds, after the Commissioner appears and both Parties assert any further arguments, records, or other matters following the proper procedures and timing requirements for this case.

Accordingly, **IT IS SO ORDERED.**

1. Plaintiff's Complaint in this case [Dkt. 1] shall **NOT** be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).
2. In accordance with Rule 3 of the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g), a notice of electronic filing shall be transmitted to the Social Security Administration's Office of General Counsel and to the United States Attorney's Office for the Northern District of California in lieu of service of a summons. *See* Fed. R. Civ.

P. Supp. Soc. Sec. R. 3 ("The court must notify the Commissioner of the commencement of the action by transmitting a Notice of Electronic Filing to the appropriate office within the Social Security Administration's Office of General Counsel and to the United States Attorney for the district where the action is filed. . . . The plaintiff need not serve a summons and complaint under Civil Rule 4.").

**IT IS SO ORDERED.**

Dated: June 25, 2024

_____
PETER H. KANG
United States Magistrate Judge